UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL BRAUN, et al.,

    Plaintiffs,

v.                                            Case 23-CV-301

ELKHORN POLICE DEPARTMENT, et al.,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND SCREENING COMPLAINT

---

On March 6, 2023, Michael Braun, Jennifer Samuels, and Conrad Braun, along with Michael and Jennifer's seven minor children, filed a *pro se* complaint against the Elkhorn Police Department, the Walworth County Sheriff's Department, Officer Termaat, Heather Hensel, Zeke Wiedenfeld, Walworth County, Officer Hintz, the City of Elkhorn, the Town of Delavan, Stephanie Adams, Deborah Sink, Dinah Moors, and the Delavan Equestrian Center. (Docket # 1.) Plaintiffs filed an amended complaint on March 7, 2023 (Docket # 5) and a second amended complaint on March 15, 2023 (Docket # 6). Walworth County and the Walworth County Sheriff's Department (collectively the "Walworth Defendants"), Stephanie Adams and the Town of Delavan (collectively the "Delavan Defendants"), and the City of Elkhorn, the Elkhorn Police Department, and Officer Termaat (collectively the "Elkhorn Defendants") move to dismiss the plaintiffs' second amended complaint, or alternatively, for a more definite statement. *Pro se* defendants Heather Hensel, Zeke

Wiedenfeld, Deborah Sink, Dinah Moors, and the Delavan Equestrian Center have not yet appeared.

   1.   *Screening of Second Amended Complaint*

Pursuant to 28 U.S.C. § 1915(e)(2), district courts have the authority to dismiss a case at any time, regardless of fee status, if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim.").

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "detailed factual allegations," a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although Plaintiffs have now filed three complaints, I will screen only the second amended complaint as the operative complaint in this case. *See Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782 (7th Cir. 2013) (stating that when a plaintiff files an amended

complaint, the amended complaint supersedes the original complaint). Upon screening the complaint, I find it contains multiple deficiencies.

### 1.1 Claims Brought By Minors

To begin, it appears that Plaintiffs H.S., I.B., K.B., W.B., M.O.B., M.B., and E.B. are the minor children of Michael Braun and Jennifer Samuels. (Docket # 6.) The Seventh Circuit has repeatedly held, however, that the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child *pro se*. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). In other words, neither Michael nor Jennifer can represent their minor children *pro se*. Thus, Plaintiffs must either retain counsel for their minor children or dismiss them as plaintiffs from the case.

### 1.2 Claims Against Police or Sheriff's Departments

Also, it appears Plaintiffs are alleging constitutional violations against the Walworth Defendants, the Delavan Defendants, and the Elkhorn Defendants under 42 U.S.C. § 1983. To succeed on a claim under § 1983, a plaintiff must prove that: (1) a person deprived him of a federal right, and (2) the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 100 S. Ct. 1920, 1923 (1980). Whether an entity is a suable "person" under § 1983 is dependent on state law. *Odogba v. Wisconsin Dep't of Just.*, 22 F. Supp. 3d 895, 906 (E.D. Wis. 2014). Plaintiffs sue both the Elkhorn Police Department and the Walworth County Sheriff's Department. In general, municipal police departments are not suable entities. *Jackson v. Bloomfield Police Dep't*, No. 17-C-1515, 2018 WL 5297819, at *1 (E.D. Wis. Oct. 25, 2018), *aff'd*, 764 F. App'x 557 (7th Cir. 2019). Thus, while Plaintiffs may sue the relevant city or county, they may not sue the law enforcement departments.

### 1.3 Claims Against Cities, Towns, or Counties

While the plaintiffs do sue the relevant municipalities, the nature of their allegations and as to whom the allegations specifically apply are unclear. Plaintiffs' Second Amended Complaint is 26 pages of single-spaced type, written in a stream-of-consciousness manner. Under Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs need only plead enough facts to show a plausible claim for relief. As one court stated: "This is the pleading stage, not the proving stage." *Kuklinski, et al. v. Binance Capital Mgmt. Co., et al.*, No. 21-CV-001425-SPM, 2023 WL 2788654, at *12 (S.D. Ill. Apr. 4, 2023). Thus, it is unnecessary for the plaintiffs to plead every action of the defendants that they believe supports their claim. In amending the complaint, Plaintiffs should take care to excise any extraneous facts and make clear which plaintiff is suing which defendant, for what actions, and under what applicable law.

Again, the plaintiffs sue the City of Elkhorn, the Town of Delavan, and Walworth County. The Supreme Court held that local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Rather, a municipality can be liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id*. To establish liability under *Monell*, a plaintiff must "show the existence of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *Jones v. City of Chicago*, 787 F.2d 200, 203 (7th Cir. 1986) (citing *Monell*, 436 U.S. at 690–94). Thus, in amending their

complaint, Plaintiffs must take care to properly state a *Monell* claim against each municipality defendant.

### 1.4 Claims Against Police Officers

Plaintiffs also sue two individual officers, Officer Termaat and Captain Adams. Plaintiffs must be able to state a claim against each individual officer. Again, § 1983 requires plaintiffs to plead that: (1) a person deprived them of a federal right, and (2) the person who deprived them of that right acted under color of state law. *Gomez v. Toledo*, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980). Thus, Plaintiffs must plead that these officers deprived them of a *federal* right and were acting under color of state law when doing so.

### 1.5 Claims Against Non-State Actors

#### 1.5.1 Zeke Wiedenfeld

As to defendant Zeke Wiedenfeld, it is entirely unclear his relation to the plaintiffs' claims. It does not appear the complaint alleges any allegations against him, beyond a single mention in paragraph two of the damages section. (Docket # 6 at 17.) If Plaintiffs wish to pursue a claim against Wiedenfeld, the complaint must make clear the legal and factual basis—the who, what, when, and where of the claim.

#### 1.5.2 Heather Hensel

The complaint is also unclear as to the allegations Plaintiffs bring against defendant Heather Hensel. It appears from the complaint that Hensel is a private citizen, not a state actor; thus, any potential claim against Hensel appears to sound in state law and stems from the plaintiffs allegedly having to support Hensel's minor daughter in Hensel's absence, and/or Hensel making false claims against Plaintiff Conrad Braun.

Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Specifically, there must either be a question of federal law posed to the court, or a suit between citizens of different states or countries and an amount in controversy greater than $75,000. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332. A court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action" in which the court has original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a), But, as currently pled, it is unclear to me that Plaintiffs' claims against Hensel are "so related" to the potential § 1983 claims as to form part of the same case or controversy. Thus, Plaintiffs must be sure to establish what claims they are asserting against Hensel and the basis for the Court's jurisdiction over those claims.

    1.5.3 Deborah Sink, Dinah Moors, and the Delavan Equestrian Center

Finally, Plaintiffs allege a series of allegations against Deborah Sink, Dinah Moors, and the Delavan Equestrian Center seemingly regarding the care and treatment of horses in their care. Again, these defendants do not appear to be state actors; thus, to the extent Plaintiffs are alleging tort claims under state law stemming from their horse's care, as with Hensel, Plaintiffs must allege the specific claims and the basis for the Court's jurisdiction over those claims.

It also appears Plaintiffs may be alleging a conspiracy between Sink, Moors, the Equestrian Center and law enforcement. While "[p]rivate parties have been found subject to

6

Case 2:23-cv-00301-NJ   Filed 04/11/23   Page 6 of 9   Document 28

liability under § 1983 when engaged in a conspiracy with one or more parties acting under the color of state law," to establish a conspiracy, the plaintiff must demonstrate that "the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Thus, if this is what Plaintiffs are actually trying to allege against these three non-state actors, they must make this clear in their amended complaint.

  2.  *Leave to Amend*

The Seventh Circuit instructs that when a plaintiff's complaint is dismissed for failure to state a claim, the general rule is to give at least one opportunity to amend the complaint before the entire action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The court has stated that unless "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.* (emphasis in original)

Although this is the third iteration of Plaintiffs' complaint, given this has been the Court's first opportunity to screen this complaint, I will give Plaintiffs leave to file an amended complaint that complies with this Order.

The defendants also argue that Plaintiffs have failed to properly serve them with the complaint. If, after filing a third amended complaint, I find this court has jurisdiction over all of the claims and the complaint properly states a claim, Plaintiffs will be required to properly serve all remaining defendants.

As such, Plaintiffs will be given leave to amend their complaint. Again, Plaintiffs must either remove their minor children as plaintiffs, or retain counsel to file the complaint

on their behalf. Plaintiffs should remove the police and sheriff's departments as defendants. Finally, Plaintiffs should take care to plead their claims clearly and succinctly. It should be clear which plaintiffs sue which defendants, and the legal and factual bases for the cause of action. Plaintiffs need not plead every fact in support of their claims, but only enough facts to show the plausibility of the claim. For claims against the non-state actors, Plaintiffs must make clear how they invoke this Court's jurisdiction.

Plaintiffs are also directed to Fed. R. Civ. P. 20, which addresses permissive joinder of parties. Persons may not be joined as defendants in one action unless the right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences and a question of law or fact common to all defendants will arise in the action. Plaintiffs cannot, therefore, bring one action against multiple defendants without there being a relationship between the causes of action. As currently pled, the relationship between the various causes of action is unclear.

Plaintiffs have **ten (10) days** from the date of this Order to file a third amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Plaintiffs are advised that the amended complaint replaces the prior complaints, and the amended complaint must be complete in itself without reference to the prior complaints. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

Failure to timely file an amended complaint is accordance with this Order will result in a recommendation that this action be dismissed with prejudice.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the motions to dismiss filed by the Walworth Defendants, the Delavan Defendants, and the Elkhorn Defendants (Docket # 8 and Docket # 18) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs have **ten (10) days** from the date of this Order to file a third amended complaint in accordance with this Order. Failure to timely file an amended complaint that complies with this Order will result in a recommendation of dismissal with prejudice.

Dated at Milwaukee, Wisconsin this 11th day of April, 2023.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge