# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL BRAUN, et al.,

    Plaintiffs,

v.                                                                 Case No.: 23-CV-301

ELKHORN POLICE DEPARTMENT, et al.,

    Defendants.

## REPORT AND RECOMMENDATION FOR DISMISSAL OF COMPLAINT

On March 6, 2023, Michael Braun, Jennifer Samuels, and Conrad Braun, along with Michael and Jennifer's seven minor children, filed a *pro se* complaint against the Elkhorn Police Department, the Walworth County Sheriff's Department, Officer Termaat, Heather Hensel, Zeke Wiedenfeld, Walworth County, Officer Hintz, the City of Elkhorn, the Town of Delavan, Stephanie Adams, Deborah Sink, Dinah Moors, and the Delavan Equestrian Center. (Docket # 1.) Plaintiffs filed an amended complaint on March 7, 2023 (Docket # 5) and a second amended complaint on March 15, 2023 (Docket # 6). Walworth County and the Walworth County Sheriff's Department, Stephanie Adams and the Town of Delavan, and the City of Elkhorn, the Elkhorn Police Department, and Officer Termaat moved to dismiss the plaintiffs' second amended complaint, or alternatively, for a more definite statement. *Pro se* defendants Heather Hensel, Zeke Wiedenfeld, Deborah Sink, Dinah Moors, and the Delavan Equestrian Center had not yet appeared.

In an Order dated April 11, 2023, I granted the motions to dismiss filed by the three sets of defendants. (Docket # 28.) I also screened the claims against the remaining

defendants and found that the second amended complaint, as currently pled, either failed to state a claim upon which relief may be granted or failed to properly allege subject matter jurisdiction. (*Id.*) Although the second amended complaint was Plaintiffs' third pleading, given the Court had not previously screened the complaint, Plaintiffs were given ten days to file a third amended complaint that complied with the April 11, 2023 Order and to properly serve the defendants. (*Id.*) Plaintiffs were warned that failure to timely file an amended complaint in accordance with the Order would result in a recommendation of dismissal. (*Id.*)

On April 11, 2023, Plaintiffs requested thirty days to file an amended complaint, instead of the ten days given in the April 11, 2023 Order. (Docket # 29.) Plaintiffs' request was granted in a Text Only Order dated April 12, 2023, and Plaintiffs were granted until May 12, 2023 to file their third amended complaint. Plaintiffs were again warned that failure to timely comply with the Order would result in a recommendation of dismissal.

On May 21, 2023, Plaintiffs filed a Third Amended Complaint. (Docket # 32.) Plaintiffs provide no explanation as to the untimely filing. In this Third Amended Complaint, Plaintiffs now sue Walworth County, Officers Josh Adams, Jason Hintz, Johnson, Schmitt, Lauderdale, Lawson, unknown officers, Jeffrey Schultz, Zeke Weidenfeld, and Judge David M. Reddy. Plaintiffs sue the Town of Delavan, along with Captain Stephanie Adams, Richard Scholze, Peter Ludwig, Dinah Moore, and Debra Sink. And Plaintiffs sue the City of Elkhorn, Officer Matthew Termaat, Haley Croak, Jessica Rema, Heather Hensel, and Ryan Hensel.

Although this Third Amended Complaint could be dismissed for failing to timely comply with the Court's April 12, 2023 Order, even screening this new complaint, I

recommend that it be dismissed. This new complaint again reads as a series of unrelated stream-of-consciousness allegations made against multiple different defendants and stem from cases Plaintiffs currently have pending in state court.

For example, Plaintiffs Michael Braun and Jennifer Samuels are currently being sued by Dennis Braun in Walworth County Case No. 2023SC591 for eviction. *See Dennis Braun v. Michael Braun and Jennifer Samuels*, Walworth County Case Nos. 2023SC591, Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited May 22, 2023). In the Third Amended Complaint, Plaintiffs allege that Dennis Braun is Michael Braun's father that that he is suffering from dementia and schizophrenia, leading to police encounters with various Walworth County law enforcement. (Docket # 32 at ¶¶ 5, 15–16, 44–53.)

It also appears that Plaintiff Conrad Braun has two criminal cases currently pending in Walworth County Circuit Court: Case Nos. 2023CF242 and 2023CF24. In Case No. 2023CF242, Conrad Braun has been charged with felony bail jumping and resisting or obstructing an officer. *See State of Wisconsin v. Conrad M. Braun*, Walworth County Case Nos. 2023CF242, Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited May 22, 2023). In Case No. 2023CF24, Conrad Braun is charged with second degree sexual assault of a child. *See State of Wisconsin v. Conrad M. Braun*, Walworth County Case Nos. 2023CF24, Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited May 22, 2023). In both cases, Assistant District Attorney Zeke Wiedenfeld (incorrectly spelled Weidenfeld) is prosecuting the case and Judge David M. Reddy is the presiding judge. *Id.* Much of the allegations in the Third Amended Complaint appear to relate to these two pending criminal actions. (Docket # 32 at ¶¶ 9–10, 24–40, 54–84.)

3

Case 2:23-cv-00301-JPS   Filed 05/23/23   Page 3 of 5   Document 35

The final set of allegations appear to stem from the death of Plaintiffs' horse "River" and the seizure of several other of Plaintiffs' horses, as well as animal neglect charges filed against Samuels. (Docket # 32 at ¶¶ 85–116.) These allegations appear to be the subject of a replevin action and a misdemeanor action, both currently pending in Walworth County Circuit Court: Case No. 2023SC337 and Case No. 2023CM181. *See Jennifer Samuels v. Stephanie Adams and Town of Delavan Police Dept.*, Walworth County Case Nos. 2023CF337, Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited May 22, 2023) and *State of Wisconsin v. Jennifer E. Samuels*, Walworth County Case Nos. 2023CM181, Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited May 22, 2023).

Thus, Plaintiffs' Third Amended Complaint continues to present multiple problems. It sues actors likely immune from relief under 42 U.S.C. § 1983 such as Judge Reddy and ADA Wiedenfeld; it improperly joins unrelated defendants and causes of action; and it alleges claims against parties that do not evoke any constitutional rights. But more importantly, Plaintiffs' alleged constitutional claims stem primarily from several criminal and civil proceedings currently pending in state court. *Younger v. Harris*, 401 U.S. 37 (1971) instructs federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Section 1983 is not a mechanism in which Plaintiffs can request to impose "federal supervision on state court proceedings." *See id.* at 682.[1] For these reasons, I recommend that this action be dismissed.[2]

---

[1] Plaintiffs have filed a "Motion for Emergency Injunction and/or Intervene" into her pending state court criminal matter. (Docket # 34.) Once again, pursuant to *Younger*, this motion is denied.

[2] Because not all defendants have appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiffs' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Appoint Counsel (Docket # 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Emergency Injunction and/or Intervene (Docket # 33) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2023.

BY THE COURT

*Nancy Joseph*

_____
NANCY JOSEPH
United States Magistrate Judge