# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL BRAUN, CONRAD BRAUN, JENNIFER SAMUELS, H.S., I.B., K.B., W.B., M.O.B., M.B., and E.B.,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER MATTHEW TERMAAT, HEATHER HENSEL, ZEKE WIEDENFELD, WALWORTH COUNTY, OFFICER JASON HINTZ, CITY OF ELKHORN, TOWN OF DELAVAN, STEPHANIE ADAMS, DEBRA SINK, DINAH MOORS, OFFICER JOSH ADAMS, OFFICER JOHNSON, OFFICER SCHMITT, OFFICER LAUDERDALE, OFFICER LAWSON, JOHN DOE OFFICERS, JEFFREY SCHMULTZ, JUDGE DAVID M. REDDY, RICHARD SCHOLZE, PETER LUDWIG, HALEY CROAK, JESSICA REMA, and RYAN HENSEL,<br>    Defendants. | Case No. 23-CV-301-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

On May 23, 2023, the Honorable Magistrate Judge Nancy Joseph filed a report and recommendation advising that this case be dismissed in its entirety. ECF No. 36. That same day, Plaintiffs Jennifer Samuels ("Jennifer"), Michael Braun ("Michael"), and Conrad Braun ("Conrad")

(together, "Plaintiffs"),[1] objected thereto and moved for reconsideration. ECF Nos. 37, 38. Thereafter, various Defendants filed motions to dismiss. ECF Nos. 41 (motion to dismiss by Stephanie Adams and Town of Delavan), 47 (motion to dismiss by Walworth County), and 50 (motion to dismiss Matthew Termaat and City of Elkhorn). For the reasons discussed herein, the Court will adopt Judge Joseph's report and recommendation, deny Plaintiffs' motion for reconsideration and motion for leave to file, and deny as moot Defendants' motions to dismiss.

2.     PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint on March 6, 2023, making a host of largely disjointed allegations against a myriad of defendants. ECF No. 1. Plaintiffs' first complaint explains that it "stem[s] from a prior current Federal lawsuit" in Illinois involving "corrupt" police who allegedly conspired with the county's animal control department, among other individuals and entities, to harass the "Braun family" and "violate [their] civil rights as if . . . [they] were in communist China." *Id*. at 1. The complaint alleges, *inter alia*, arrests lacking probable cause, failure to provide *Miranda* warnings, misconduct in the course of prosecution on the part of state judicial employees and a district attorney, and illegal searches and seizures of Plaintiffs' phones and residence. *Id*. at 9–10.

The following day, on March 7, 2023, Plaintiffs filed an amended complaint, ECF No. 5, and shortly thereafter a second amended complaint, ECF No. 6.

---

[1] The additional plaintiffs listed in the caption appear to be the children or dependents of Michael and Jennifer. These parties will be dismissed, consistent with Judge Joseph's recommendations discussed below.

On April 11, 2023, Judge Joseph, in an order on an initial round of motions to dismiss filed by certain Defendants and screening the second amended complaint, noted various deficiencies requiring amendment. ECF No. 28. First, Judge Joseph noted that "neither Michael nor Jennifer can represent their minor children *pro se*," and that they therefore needed to "either retain counsel for their minor children or dismiss them as plaintiffs from the case." *Id*. at 3. She further noted that "[i]n general, municipal police departments are not suable entities" under 42 U.S.C. § 1983 and that therefore "while Plaintiffs may sue the relevant city or county, they may not sue the law enforcement departments." *Id.* Judge Joseph also wrote that the "nature of [Plaintiffs'] allegations and as to whom the allegations specifically apply" was "unclear" and that the second amended complaint was "written in a stream-of-consciousness manner." *Id*. at 4. She therefore instructed Plaintiffs, "[i]n amending the complaint," to "excise any extraneous facts and make clear which plaintiff is suing which defendant, for what actions, and under what applicable law." *Id*. Judge Joseph also noted that Plaintiffs had failed to "properly state a *Monell* claim against each municipality defendant," *id*. at 5, had failed to demonstrate that various other allegations were "part of the same case or controversy" such that the court could have jurisdiction over them, *id*. at 6, and had apparently failed to properly serve Defendants, *id*. at 7.

In accordance with the Seventh Circuit's directives, Judge Joseph afforded Plaintiffs an opportunity to amend their second amended complaint to address the deficiencies identified. *Id*. at 7 (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)). She ordered Plaintiffs to file an appropriate third amended

complaint within "**ten (10) days** from the date of" her order or otherwise risk recommendation of dismissal of the action with prejudice. *Id*. at 8.

On April 11, 2023, Plaintiffs moved for an extension of time of "30 days, instead of 10 days," to file their third amended complaint as ordered. ECF No. 29. The following day, the court granted the motion, affording Plaintiffs until "May 12, 2023 to file an amended complaint" and again warning that failure to timely comply would result in a recommendation of dismissal with prejudice. *See* April 12, 2023 text order.

On May 21, 2023, Plaintiffs filed a third amended complaint, ECF No. 32, as well as motions for appointment of counsel for the minor Plaintiffs and for emergency injunctive relief, ECF Nos. 33 and 34. On May 23, 2023, the court denied the motions for appointment of counsel and for injunctive relief. ECF No. 35. The following day, Judge Joseph filed the report and recommendation that is now before the Court. ECF No. 36.

Judge Joseph recommends dismissal of the action with prejudice, not only because Plaintiffs' third amended complaint "fail[ed] to timely comply with the Court's April 12, 2023 Order," but also because the "new complaint again reads as a series of unrelated stream-of-consciousness allegations made against multiple different defendants and stem from cases Plaintiffs currently have pending in state court." *Id*. at 2–3.[2] Furthermore,

---

[2]Specifically, Judge Joseph cites *Dennis Braun v. Michael Braun and Jennifer Samuels,* Walworth County Circuit Court Case No. 2023SC591; *State of Wisconsin v. Conrad M. Braun,* Walworth County Circuit Court Case No. 2023CF242; *State of Wisconsin v. Conrad M. Braun*, Walworth County Circuit Court Case No. 2023CF24; *Jennifer Samuels v. Stephanie Adams and Town of Delavan Police Dep't*, Walworth County Case Circuit Court No. 2023SC337; and *State of Wisconsin v. Jennifer E. Samuels*, Walworth County Circuit Court Case No. 2023CM181. All cases are viewable through the Wisconsin Circuit Court Access Program, https://wcca.wicourts.gov.

> Plaintiffs' Third Amended Complaint . . . sues actors likely immune from relief under 42 U.S.C. § 1983 such as Judge Reddy and ADA Wiedenfeld; it improperly joins unrelated defendants and causes of action; and it alleges claims against parties that do not evoke any constitutional rights. But more importantly, Plaintiffs' alleged constitutional claims stem primarily from several criminal and civil proceedings currently pending in state court. *Younger v. Harris*, 401 U.S. 37 (1971) instructs federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings.

*Id*. at 4.

### 3. LAW AND ANALYSIS

"The Court must review *de novo* any portion of a magistrate's recommendation to which the plaintiff timely and properly objects, and may accept, reject, or modify any part of the recommendation." *Weatherall v. Bread*, No. 20-CV-863-JPS, 2020 U.S. Dist. LEXIS 214634, at *4 (E.D. Wis. Nov. 17, 2020) (citing Fed. R. Civ. P. 72(b)(3)). "To trigger *de novo* review, the plaintiff must object to specific portions of the magistrate's report and recommendation." *Id*. (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 740–41 (7th Cir. 1999)). "When the plaintiff makes no specific objections to the magistrate's recommendation, the court will review the recommendation for clear error." *Id*. at *4–5 (citing *Johnson*, 170 F.3d at 739; *Kanter v. Comm'r of Internal Revenue*, 590 F.3d 410, 417 (7th Cir. 2009)).

The Court agrees with all that enunciated by Judge Joseph. The Court also concludes that none of Plaintiffs' comments in its "motion to object," ECF No. 37, or its "motion to object or reconsideration," ECF No. 38, compel a different outcome.

Plaintiffs first object to Judge Joseph's conclusion that the third amended complaint was untimely. They argue that they "believe their [sic]

was a misunderstanding by Nancy Joseph about the exact extent of time," claiming they sought "30 additional days *including* the original 10 days." ECF No. 37 at 1 (emphasis added). But that is not what Plaintiffs asked for in their motion for an extension of time—they asked for thirty days *instead of* ten days. ECF No. 29 ("Plaintiffs . . . ask . . . for 30 days, instead of 10 days."). Judge Joseph set the deadline for filing the third amended complaint pursuant to Plaintiffs' own request, and Plaintiffs failed to meet that deadline.

And in any event, Judge Joseph clearly ordered that Plaintiffs' third amended complaint was due by "May 12, 2023." *See* April 12, 2023 text order. There was no room for confusion on that front. Additionally, Plaintiffs sought and were granted electronic filing privileges, so they received immediate notification of all the above-described filings. ECF No. 4 and March 8, 2023 text order.

Even if the Court were to conclude that Plaintiffs' third amended complaint was timely, the complaint would still be subject to dismissal for various other reasons enunciated in Judge Joseph's report and recommendation. For example, the third amended complaint continues to impermissibly attempt to raise claims arising out of unrelated incidents. Plaintiffs have not remedied these pleading issues nor raised any specific objection thereon.

Plaintiffs also argue that "the Federal court . . . has the responsibility to help PRO SE Plaintiffs." ECF No. 37 at 1. Plaintiffs additionally characterize their case as a "David and Goliath battle" and emphasize that it has taken them "courage and fortitude" to prosecute their case thus far. *Id*. These generalized comments warrant nothing more than clear error

review. *See Weatherall*, 2020 U.S. Dist. LEXIS 214634 at *4–5 (citations omitted).

The Court cannot conclude that Judge Joseph's reasoning or conclusions were erroneous. Plaintiffs' comments suggest only that they should have been afforded some greater degree of leniency. But "it is . . . well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F. 3d 751, 758 (7th Cir. 2008) (citation omitted).

Judge Joseph appropriately warned Plaintiffs, on multiple occasions, of the result of failing to timely comply with her orders. She also thoroughly reviewed Plaintiffs' filings, which Plaintiffs themselves concede. ECF No. 29 (thanking Judge Joseph for "a very clear review of the complaint"). It was Judge Joseph's "duty . . . to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (quoting *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (citations omitted)). Judge Joseph fulfilled that duty.

Nothing in Plaintiffs' other filings, ECF Nos. 38 and 53, leads to a different conclusion. Because the case shall be dismissed, the pending motions to dismiss, ECF Nos. 41, 47, and 50, will be denied as moot.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 36, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' objection to Magistrate Judge Joseph's report and recommendation, ECF No. 37, be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 38, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file, ECF No. 53, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' respective motions to dismiss, ECF Nos. 41, 47, and 50, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiffs H.S., I.B., K.B., W.B., M.O.B., M.B., and E.B. be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge